**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FIDELINA FARIAS LOPEZ; ANTHONY
VILLA FARIAS,

             Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

             Respondent.

No. 23-2

Agency Nos.
A208-308-001
A208-308-002

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 25, 2024[**]
Seattle, Washington

Before:  W. FLETCHER, WARDLAW, and MILLER, Circuit Judges.

Fidelina Farias Lopez, a native and citizen of Mexico, petitions for review of

a decision by the Board of Immigration Appeals (BIA) dismissing her appeal from

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Farias Lopez's minor son, Anthony Villas Farias, was a derivative beneficiary of her asylum application. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Where, as here, the BIA conducts its own review of the record and incorporates some findings of the IJ, we review both decisions to the extent the BIA's opinion expressly adopted the IJ's opinion. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). We review legal conclusions *de novo* and factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous.'" *Id.* (quoting *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020)). We review due process claims *de novo*. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006).

Substantial evidence supports the agency's finding that Farias Lopez did not establish persecution that would make her eligible for asylum or withholding of removal. We have repeatedly found no persecution where, as here, the petitioner did not experience physical harm or face direct threats. *See Sharma v. Garland*, 9

F.4th 1052, 1061 (9th Cir. 2021). Nor does the evidence compel a finding that the attacks and threats against Farias Lopez's husband and father by members of the Knights Templar cartel were "part of a pattern of persecution closely tied to" her. *See id.* at 1062 (internal quotation omitted).

Although Farias Lopez fears the Knights Templar cartel member who harassed her when she was 17, she has not spoken to him since 2009. That 15 years have passed sine she last spoke to him undermines the likelihood of future harassment. *See Lanza v. Ashcroft*, 389 F.3d 917, 934–35 (9th Cir. 2004) (finding no clear probability of future persecution where the "alleged persecution occurred more than ten years ago"). That Farias Lopez's relatives continue to live and work in Mexico without harm further undermines the reasonableness of her fear. *See Sharma*, 9 F.4th at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution.").

The agency did not err by failing to address the young age of Farias Lopez's son when assessing persecution. Her son did not present an independent claim for asylum or withholding of removal, and Farias Lopez did not present any evidence that the harms she and her family experienced had cognizable effects on her son.

We deny the petition as to Farias Lopez's CAT claim for similar reasons. Torture is "more severe than persecution," *Guo v. Sessions*, 897 F.3d 1208, 1217

3

(9th Cir. 2018) (quoting *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005)), and Farias Lopez did not show that she suffered any harm that amounted to persecution. Further, generalized evidence of corruption and violence in Mexico is not specific enough to show government acquiescence. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

The IJ's mistaken reference to an application for "deferral of removal" rather than "withholding of removal" under CAT was harmless and does not warrant remand. Farias Lopez did not meet her burden to establish eligibility for CAT protection, and she has not identified any prejudice from the IJ's error. Moreover, the IJ's order clearly and correctly stated that Farias Lopez applied for "protection in the form of withholding of removal" under CAT.

**PETITION DENIED.**